IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MANSOUR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | Case No. 21-cv-2557 |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Tina Mansour, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and the Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury due to Defendant's false reporting of her credit information.

1

5.  By communicating false and inaccurate information regarding Plaintiff and her credit to third parties, Defendant defamed Plaintiff's creditworthiness.

6.  Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

7.  Plaintiff, Tina Mansour ("Ms. Mansour" or "Plaintiff") is a resident of the State of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt it alleged had been owed to Comenity Capital Bank. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

8.  Defendant, Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

9.  Defendant PRA acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

10. PRA is licensed as a collection agency in the State of Illinois.

## FACTUAL ALLEGATIONS

11. According to the Defendant, Plaintiff incurred a debt for the purchase of goods or services used for personal, family, or household purposes, originally to Comenity Capital Bank ("alleged debt"). The alleged debt is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

12. Defendant PRA claimed that the alleged debt was charged off and sold, transferred or otherwise assigned to PRA after it had entered default.

13. Defendant PRA began attempting to collect the alleged debt from Plaintiff and began reporting it on Plaintiff's credit report in June 2019.

14. Defendant PRA later hired a collection law firm to file a lawsuit against Plaintiff to seek to collect $3,070.25 plus costs.

15. The lawsuit was filed in June 20, 2020 and captioned Portfolio Recovery Associates, LLC v. Tina Mansour, 2020-M2-001761, filed in the Circuit Court of Cook County, Second Municipal District.

16. Plaintiff hired counsel to defend her in the collection action as she disputed the amount being sought.

17. On February 24, 2021, the case was heard by non-binding arbitration as part of the Cook County mandatory arbitration program.

18. Ms. Mansour appeared through counsel and PRA was represented by counsel via the law firm Blitt & Gaines, P.C. and the arbitration was heard virtually through the Zoom platform.

19. PRA additionally sent Anthony Stapleton as its legal representative to testify on its behalf during the arbitration.

20. During the arbitration, counsel for Ms. Mansour discussed the case at length with the arbitrators, counsel for PRA as well as Mr. Stapleton, PRA's representative.

21. Counsel for Ms. Mansour made clear that she disputed the alleged debt and that she was not liable to PRA for it.

22. PRA was aware of this dispute since it was made in the context of the arbitration hearing both to PRA's attorney as well as to PRA's legal representative.

23. This constituted a dispute regarding the debt, and that dispute was communicated to Defendant.

24. On or about February 24, 2021, Defendant PRA knew or should have known that Plaintiff disputed the accuracy of the debt.

25. On or about March 21, 2021, Defendant communicated information regarding the alleged debt to the TransUnion consumer reporting agency.

26. Defendant communicated, *inter alia*, an account balance, an account number, and a date reported. (Exhibit A, Excerpt from Plaintiff's TransUnion Report).

27. Even though Plaintiff notified Defendant that she disputed the alleged debt, Defendant failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt on or about March 21, 2021.

28. 15 U.S.C. § 1692e of the FDCPA provides in relevant part as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

29. Even though Defendant knew or should have known that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about Plaintiff to the TransUnion consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

30. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

31. The failure to mark a disputed debt as disputed will cause harm to a consumer and influence their actions regarding the debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018). ("Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score.").

32. PRA's communication that Plaintiff owed the alleged debt without communicating that it was disputed was a false and material statement regarding Plaintiff, her credit, and her creditworthiness to third-parties, such as TransUnion.

33. This false and deceptive statement had the likelihood to materially damage Plaintiff by making it appear as if she was less credit-worthy since PRA claimed that she had not disputed the alleged debt, when in fact she had disputed it.

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff re-alleges the previous paragraphs as if set forth fully in this count.

36. Even though Defendant knew or should have known that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about Plaintiff to the TransUnion consumer reporting agency, while omitting the fact that Plaintiff disputed that alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

37. Because of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant as follows:

 A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

 B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

 C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

 D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

7